**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

EDWARD M. DOLLER, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

HERTZ GLOBAL HOLDINGS, INC., STEPHEN M. SCHERR, and ALEXANDRA BROOKS,

Defendants.

Case No. 2:24-CV-00513-JLB-KCD

**DEFENDANTS' STATEMENT OF NO POSITION ON MOTIONS TO APPOINT LEAD PLAINTIFFS AND APPROVE LEAD PLAINTIFFS' SELECTION OF COUNSEL**

On July 30, 2024, Tom Murdoch filed a Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel, and Robert Stephens filed a competing Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel (together, the "Motions").[1]  Neither asked counsel for Defendants Hertz Global Holdings, Inc., Stephen M. Scherr, and Alexandra Brooks ("Defendants") for their position on the Motions, so Defendants write to inform the Court that they take no position as to whom the Court should appoint as lead plaintiff and lead counsel.

---

[1] On July 30, 2024, the Hertz Investor Group filed a Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel.  (ECF No. 29.)  The Hertz Investor Group withdrew its motion on August 2, 2024, and on August 4, 2024 the Court denied the motion as moot.  (ECF Nos. 34, 37.)

4866-9062-3703.2

Defendants reserve all rights as to the separate question of whether either movant or their counsel would be able to meet their burden, on a full record, to establish adequacy under Rule 23(a)(4) of the Federal Rules of Civil Procedure in connection with a later motion for class certification if this case survives the motion to dismiss phase.  *See Fischler v. AMSouth Bancorporation*, 1997 WL 118429, at *2 (M.D. Fla. Feb. 6, 1997) (explaining that "determination of lead plaintiff and lead counsel . . . does not preclude revisiting the issue upon consideration of a motion for class certification" and "wide-ranging analysis under Rule 23 is not appropriate and should be left for consideration of a motion for class certification"); *see also Grand Lodge of Pennsylvania v. Peters*, 2007 WL 1812641, at *2 (M.D. Fla. June 22, 2007) (noting appointment of lead plaintiff and lead counsel pursuant to PSLRA is "without prejudice to the possibility of revisiting that issue in considering a motion for class certification").

Dated:  August 13, 2024

Respectfully Submitted,

**FOLEY & LARDNER LLP**

*/s/ Michael P. Matthews*
Michael P. Matthews
Fl. Bar No. 63988
100 N. Tampa Street, Suite 2700
Tampa, FL 33602
Telephone: (813) 229-2300
Facsimile: (813) 221-4210
Primary email: mmatthews@foley.com
Secondary email: dguillen@foley.com

2

**DAVIS POLK & WARDWELL LLP**
Edmund Polubinski III (lead counsel)
(admitted *pro hac vice*)
Andrew Ditchfield
(admitted *pro hac vice*)
Deborah Mazer (admitted *pro hac vice*)
450 Lexington Avenue
New York, New York 10017
Tel: (212) 450-4000
edmund.polubinski@davispolk.com
andrew.ditchfield@davispolk.com
deborah.mazer@davispolk.com

*Attorneys for Defendants Hertz Global*
*Holdings, Inc., Stephen M. Scherr, and*
*Alexandra Brooks*

3

4866-9062-3703.2