## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| EDWARD M. DOLLER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HERTZ GLOBAL HOLDINGS, INC., STEPHEN M. SCHERR, and ALEXANDRA BROOKS,<br><br>Defendants. | Case No. 2:24-cv-00513-JLB-KCD |

## ROBERT STEPHENS' RESPONSE IN FUTHER SUPPORT OF HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS

Lead Plaintiff Movant Robert Stephens ("Mr. Stephens") respectfully submits this Memorandum of Law: (1) in further support of his motion for appointment as Lead Plaintiff and approval of his selections of Levi & Korsinsky, LLP ("Levi & Korsinsky") to serve as Lead Counsel for the putative Class and the law firm of Cullin O'Brien Law, P.A. ("Cullin O'Brien") to serve as Liaison Counsel (ECF. No. 28) in the above-captioned action (the "Action"); and (2) in opposition to the competing motions of: (i) Tom Murdoch (ECF No. 26) and (ii) Leo Lorenz, ITENT EDV Dienstleistungs GmbH, John Paul Karhoff (ECF No. 29).[1]

## PRELIMINARY STATEMENT

The Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4) (the "PSLRA"), sets forth a clear directive in terms of appointing lead plaintiffs to serve in securities fraud class actions. The PSLRA applies in the case at hand and, under the PSLRA, Mr. Stephens' motion for appointment as lead plaintiff and selection of counsel should be granted.

The PSLRA presumes that the "most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and should be appointed as lead plaintiff, so long as he is otherwise adequate and typical. 15 U.S.C.

---

[1] On August 2, 2024, movants Leo Lorenz, ITENT EDV Dienstleistungs GmbH, John Paul Karhoff withdrew their motion. *See* ECF No. 34.

§ 78u-4(a)(3)(B)(iii)(I)(bb); *Piven v. Sykes Enters.,* 137 F. Supp. 2d 1295, 1302 (M.D. Fla. 2000) ("The PSRLA contains a rebuttable presumption that the most adequate lead plaintiff is that with the largest financial interest."). Mr. Stephens has, by far, the largest financial interest under all the factors typically examined by Courts in this Circuit: "1) the number of shares purchased during the class period, 2) the amount of investment, and 3) the alleged loss sought to be recovered[.]" *Cambridge Ret. Sys. v. Mednax, Inc.,* No. 18-61572-CIV-DIMITROULEAS/S, 2018 U.S. Dist. LEXIS 207064, at *10 (S.D. Fla. Dec. 6, 2018). A fourth factor is also considered, the "number of net shares purchased." *Id*. at *10-*11, n. 8.  As demonstrated in the table below, Mr. Stephens' financial interest is larger than any other movant seeking to be appointed as the lead plaintiff in this Action:

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| Robert Stephens | 64,935 | 64,935 | $660,163.90 | $384,419.02 |
| Tom Murdoch | 37,754 | 37,754 | $399,852.70 | $239,531.27 |
| John Paul Karhoff, Leo Lorenz and ITENT EDV Dienstleistungs GmbH | 52,950 | 35,760 | $279,346.68 | $120,480.00 |

*See* ECF Nos. 30-1; 28-3; and 27-3.

Mr. Stephens also meets the typicality and adequacy requirements of Rule 23, entitling him to the presumption of lead plaintiff. The "Class" in this case is defined as, "all persons and entities other than Defendants that purchased or otherwise

3

acquired Hertz securities between April 27, 2023 and April 24, 2024, both dates inclusive (the "Class Period")". *Doller* Complaint, ECF. No. 1, ¶ 1. Mr. Stephens acquired his Hertz securities starting on September 21, 2023 through January 11, 2024, during the Class Period. *See* ECF Nos. 28-2 and 28-3. Thus, Mr. Stephens falls squarely within the class definition.

Mr. Stephens is committed to overseeing the prosecution of this Action to ensure its success. He has attested to supervising his attorneys at Levi & Korsinsky and keeping abreast of developments in the litigation. *See* ECF No. 28-5. His commitment to the case, along with his educational background, will prove advantageous for the plaintiffs in this litigation. Mr. Stephens, therefore, has made a *prima facie* showing of adequacy for the purposes of Rule 23.

With $384,419.02 in losses, there can be no dispute that Mr. Stephens holds the "largest financial interest" in the Action and is, therefore, presumptively the "most adequate plaintiff" for the purpose of serving as lead plaintiff pursuant to the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B). His significant financial interest in this litigation ensures that he will vigorously pursue recovery on behalf of the Class. *See Miller v. Dyadic Int'l, Inc.,* Case No. 07-80948-WPD, 2008 U.S. Dist. LEXIS 32271, at *19 (S.D. Fla. April 18, 2008). As none of the competing movants can rebut this presumption with proof that Mr. Stephens is somehow atypical or inadequate, Mr. Stephens is entitled to be appointed as the lead plaintiff. 15 U.S.C. § 78u-

4(a)(3)(B)(iii)(II). Accordingly, for these reasons, Mr. Stephens respectfully requests that the Court grant his motion in its entirety and deny the competing motions.

## ARGUMENT

### I.   The PSLRA Process

The PSLRA creates a presumption that the lead plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The movant that has the largest financial interest must make a *prima facie* showing of adequacy and typicality under Rule 23. *Brustein v. Lampert,* No. 04-61159-CIV-LENARD/KLEIN, 2005 U.S. Dist. LEXIS 51106, at *14 (S.D. Fla. June 15, 2005) (citing *In re Cendant Corp. Litig.,* 364 F.3d 201, 263 (3d Cir. 2001)). Once this presumption is triggered, it may be rebutted only upon proof that the presumptive lead plaintiff will not fairly represent the interests of the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Here, the most adequate class representative is Mr. Stephens.

### II.   Mr. Stephens is the Presumptive Lead Plaintiff

#### A. Mr. Stephens Has the Largest Financial Interest.

While the PSLRA does not explain how to calculate the greatest financial interest in the relief sought by the class, courts in the Eleventh Circuit typically examine "1) the number of shares purchased during the class period, 2) the amount

of investment, and 3) the alleged loss sought to be recovered[.]" *Mednax,* 2018 U.S. Dist. LEXIS 207064, at *10. A fourth factor is also considered, the "number of net shares purchased." *Id*. at *10-*11, n. 8 (citing *Burke v. Ruttenberg,* 102 F. Supp. 2d 1280, 1341 (N.D. Ala. 2000)); *see also Lax v. First Merchants Acceptance Corp.,* No. 97-c-2715, 1997 U.S. Dist. LEXIS 12432, at *18 (N.D. Ill. Aug. 11, 1997)); *Miller v. Dyadic Int'l, Inc.,* Case No. 07-80948-WPD, 2008 U.S. Dist. LEXIS 32271 (S.D. Fla. April 18, 2008) (citing *Burke*, 102 F. Supp. 2d at 1341). Further. Courts in the Eleventh Circuit recognize that the amount of financial loss is the most significant factor to be considered. *See, e.g., Vincelli v. National Home Health Care Corp.*, 112 F. Supp. 2d at 1317 (M.D. Fla. 2000) (equating monetary loss with financial interest); *Piven*, 137 F. Supp. 2d at 1302-03 (same); *Plymouth County Ret Sys. v. Carter's, Inc.*, No. 1:08-CV-2940-JOF, 2009 U.S. Dist. LEXIS 20582, at *5 (N.D. Ga. Mar. 13, 2009) (same).

Mr. Stephens has the largest financial interest in the relief sought by the Class, suffering the greatest loss by nearly $145,000 compared to the closest competing movant. *See* ECF Nos. 30-1; 28-3; and 27-3.

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| Robert Stephens | 64,935 | 64,935 | $660,163.90 | $384,419.02 |
| Tom Murdoch | 37,754 | 37,754 | $399,852.70 | $239,531.27 |
| John Paul Karhoff, Leo | 52,950 | 35,760 | $279,346.68 | $120,480.00 |

| Lorenz and ITENT EDV Dienstleistungs GmbH | | | | |
|---|---|---|---|---|

As demonstrated above, it is clear that Mr. Stephens possesses the largest financial interest of any movant before the Court under every factor considered, including the most important factor, as he suffered the largest loss, acquired the most shares, retained the most shares, and expended the most funds out of all movants. Therefore, Mr. Stephens has the largest financial interest.

### B. Mr. Stephens Meets the Typicality and Adequacy Requirements of Rule 23.

Pursuant to the PSLRA, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also make the requisite *prima facie* showing that he satisfies the typicality and adequacy requirements of Rule 23. *See Brustein*, 2005 U.S. Dist. LEXIS 51106, at *14 (citing *Cendant*, 364 F.3d at 263). Mr. Stephens has gone beyond making the *prima facie* showing of the typicality and adequacy requirements of Rule 23, thus triggering the statutory presumption of lead plaintiff in his favor.

Mr. Stephens purchased and retained 64,935 Hertz shares during the Class period, in the same manner as all other Class members, and holds no interest adverse to the rest of the class. *See* ECF Nos. 28-2, 28-3, and 28 at p. 11. *See, e.g., Prado-Steiman v. Bush*, 221 F.3d at 1279 n.14 (11th Cir. 2000); *Piven*, 137 F. Supp. 2d at

1306. Mr. Stephens is more than qualified to represent the Class with an impressive educational background and a PhD in education. *See* ECF No. 28-5. Mr. Stephens is currently retired, but prior to that, he was a Science teacher. *Id.* Mr. Stephens also resides in Nokomis, Florida. *Id.* The Class will benefit from Mr. Stephens' appointment due to the fact that he would be able to appear for deposition and/or trial on behalf of the class representatives. Since Mr. Stephens has the largest financial interest in the relief sought by the Class and otherwise satisfies Rule 23, he is the presumptive "most adequate plaintiff" of the Class within the meaning of the PSLRA.

To overcome the strong presumption entitling Mr. Stephens to appointment as Lead Plaintiff, the PSLRA requires "***proof***" that the presumptive Lead Plaintiff is inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added). This the competing movants cannot do. No such proof exists to rebut the presumption in favor of Mr. Stephens, nor is he subject to a unique defense that would otherwise detract attention from the allegations of the Action.

Accordingly, as Mr. Stephens has the largest financial interest in the litigation and satisfies the adequacy and typicality requirements of Rule 23, he is entitled to the presumption of being the "most adequate plaintiff" to represent the Class.

### C. Approval of Mr. Stephens's Choice of Counsel is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain lead

counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Mr. Stephens selected and retained Levi & Korsinsky to serve as Lead Counsel for the Class and Cullin O'Brien as Liaison Counsel. Each firm has extensive experience in successfully prosecuting complex securities class actions such as this one and are well-qualified to represent the Class. *See* ECF No. 28-6 and 28-7. *See*, e.g., *Dillard v. Platform Specialty Prod. Corp.*, No. 16-CV-80490, 2016 U.S. Dist. LEXIS 204852, at *10 (S.D. Fla. June 30, 2016) (approving and appointing movant's choice of counsel); *Biver v. Nicholas Fin., Inc.*, 2014 U.S. Dist. LEXIS 60019, Fed. Sec. L. Rep. (CCH) P97,945, at *18 (M.D. Fla. Apr. 30, 2014) (same); *Thant v. Veru, Inc., et. al.,* Case No. 1:22-cv-23960-KMW (S.D. Fla. Jul. 27, 2023) (same). Thus, the Court should approve Mr. Stephens' choice of counsel.

## CONCLUSION

For the foregoing reasons, Mr. Stephens respectfully requests that the Court grant his Motion and enter an Order: (1) appointing Movant as Lead Plaintiff, (2) approving his selection of Levi & Korsinsky as Lead Counsel and Cullin O'Brien as Liaison Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.

Dated: August 13, 2024

Respectfully submitted,

*/s/ Cullin O'Brien*
Cullin O'Brien
Florida Bar No. 0597341
CULLIN O'BRIEN LAW, P.A.
6541 NE 21st Way
Fort Lauderdale, Florida 33308
Tel: (561) 676-6370
Fax: (561) 320-0285
E-mail: cullin@cullinobrienlaw.com

*Proposed Liaison Counsel for Robert Stephens and the Class*

Adam M. Apton (*pro hac vice* forthcoming)
LEVI & KORSINSKY, LLP
55 Broadway, 10th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Proposed Counsel for Robert Stephens and the Class*

10

## CERTIFICATE OF SERVICE

I HEREBY certify that on August 13, 2024, I electronically filed the foregoing document with the Clerk of the Court CM/ECF.

/s/ Cullin O'Brien
Cullin O'Brien