UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWARD M. DOLLER,
Individually and on Behalf of All
Others Similarly Situated,

    Plaintiff,

v.                                       Case No.:  2:24-cv-513-JLB-KCD

HERTZ GLOBAL HOLDINGS,
INC., STEPHEN M. SCHERR and
ALEXANDRA BROOKS,

    Defendants.
_____/

## ORDER

Before the Court is the task of selecting a lead plaintiff and class counsel. For the reasons stated below, the Court appoints Robert Stephens to serve as lead plaintiff, Levi & Korsinsky, LLP to serve as lead counsel, and Cullin O'Brien Law, P.A. to serve as liaison counsel.

## I. Background

This is a putative class action against Hertz Global Holdings, Inc., its CEO and Chairman Stephen M. Scherr, and its Executive Vice President and Chief Financial Officer Alexandra Brooks, alleging they violated federal securities laws. (Doc. 1.)[1]

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

Hertz is a car rental company. (*Id.* ¶ 2.) Its fleet includes "hundreds of thousands" of gas-powered and electric vehicles. (*Id.*) The vehicles are depreciating assets—they lose value. (*Id.* ¶¶ 2-3.) And depreciation "is one of Hertz's largest expenses[.]" (*Id.* ¶ 24.)

Beginning in 2021, Hertz "made a significant investment to offer the largest EV rental fleet in North America and one of the largest in the world[.]" (*Id.* ¶ 5.) According to the complaint, Hertz bought too many electric vehicles, causing its supply to outpace demand. (*Id.* ¶ 65.) But Hertz was not publicly concerned by the depreciation of its oversized fleet. Between April 2023 and April 2024, it issued statements and quarterly reports "highlight[ing] demand for [its] rental services, while simultaneously downplaying the negative impact of vehicle depreciation on the Company's financial results." (*Id.* ¶¶ 5, 26-49.) As Hertz did so, the putative class members bought stock. (*Id.* ¶¶ 1, 5.)

Then, in January 2024, Hertz announced it would sell 30,000 electric vehicles to bring its supply in line with demand. (*Id.* ¶¶ 6, 67, 71.) In doing so, Hertz "incurred hundreds of millions of dollars in vehicle depreciation-related costs." (*Id.* ¶ 65.) This hurt the company's first-quarter results, which caused its stock price to drop. (*Id.* ¶ 9.) Hertz shares, which traded at $9.35 before the announcement, hit $3.00 by the end of April. (*Id.* ¶¶ 7, 10, 72, 74.)

The putative class members claim Defendants knew their positive representations about the company's "business, operations, and prospects"

2

were false. (*Id.* ¶¶ 5, 21.) They allegedly misrepresented consumer demand for electric vehicles, failed to disclose that Hertz "had too many [electric] vehicles . . . to remain profitable," and "downplay[ed] the financial impact of vehicle depreciation" to artificially inflate the company's stock price. (*Id.* ¶ 5.) This, in turn, caused the putative class to overpay for their shares and suffer "significant losses" when the company's stock price fell. (*Id.* ¶¶ 11, 16.)

## II. Legal Standard

In class actions brought under the Private Securities Litigation Reform Act, like this one, the court must appoint a lead plaintiff. *Ehlert v. Singer*, 185 F.R.D. 674, 676 (M.D. Fla. April 19, 1999); *Johnson v. Luminar Techs., Inc.*, No. 6:23-CV-982-PGB-LHP, 2023 WL 5619307, at *1 (M.D. Fla. Aug. 29, 2023). This entails identifying "the most adequate plaintiff[.]" *Okaro v. Icahn Enterprises L.P.*, No. 1:23-CV-21773-KMM, 2023 WL 8101048, at *2 (S.D. Fla. Nov. 20, 2023). "The [c]ourt must presume that the most adequate plaintiff: (1) either filed the complaint or filed a motion in response to the notice of the lawsuit; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies Federal Rule of Civil Procedure 23's requirements." *Theodore v. Purecycle Techs., Inc.*, No. 6:21-CV-809-PGB-GJK, 2021 WL 5259840, at *3 (M.D. Fla. Aug. 5, 2021).

Once the court identifies which plaintiffs wish to represent the class, it asks which of those potential lead plaintiffs "alleg[es] the largest losses" and

3

"whether [they] ha[ve] made a prima facie showing of adequacy and typicality under Rule 23, based only on [their] allegations and declarations." *Bucks Cnty. Emps. Ret. Sys. v. Norfolk S. Corp.*, No. 1:23-CV-04175-SDG, 2024 WL 3355368, at *1 (N.D. Ga. Feb. 26, 2024); *see also Plumbers & Pipefitters Loc. 51 Pension Fund v. Darden Restaurants, Inc.*, No. 608-CV-388-ORL-19DAB, 2008 WL 2608111, at *2 n. 2 (M.D. Fla. July 1, 2008) ("[I]n the absence of a showing of a reasonable basis by another plaintiff, no evidentiary proof of the Rule 23 requirements is required at the lead plaintiff appointment stage[.]"). If the potential lead plaintiff alleging the largest losses also satisfies Rule 23, they are presumed to be the most adequate. *Bucks Cnty. Emps. Ret. Sys.*, 2024 WL 3355368, at *1.

### III. Discussion

The Court begins with three potential lead plaintiffs: Edward Doller, Tom Murdoch, and Robert Stephens.[2] Doller filed the complaint, while Murdoch and Stephens timely moved for appointment as lead plaintiff. (Doc. 1, Doc. 26, Doc. 28.)

Of the three, Stephens has the largest financial interest in the relief sought by the class. *Theodore*, 2021 WL 5259840, at *3. To determine this criteria, the Court considers: "(1) the number of shares purchased during the

---

[2] The Hertz Investor Group also petitioned the Court for appointment as lead plaintiff but later withdrew its motion. (Doc. 29, Doc. 34.)

4

class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." *Okaro*, 2023 WL 8101048, at *2. Each factor points to Stephens. According to his loss chart, Stephens bought more shares during the class period than Murdoch or Doller. (*Compare* Doc. 28-3 at 2, *with* Doc. 1-2 *and* Doc. 27-3 at 2.) He also far outspent them in acquiring his shares and suffered the largest loss when Hertz's stock fell. (*Id.*)

Stephens' appointment as lead plaintiff also meets Rule 23. *Theodore*, 2021 WL 5259840, at *3. For this, a potential lead plaintiff must show that their "claims and defenses are typical of the claims of the class" and they "will fairly and adequately protect the interests of the class." *Id.* at *4.

According to the existing record, Stephens' claims are typical. "Rule 23's typicality requirement is satisfied if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory." *Bucks Cnty. Emps. Ret. Sys.*, 2024 WL 3355368, at *2. "In other words, the typicality requirement is satisfied if a movant's claims share the same essential characteristics as the class at large." *City Pension Fund for Firefighters & Police Officers in the City of Miami Beach v. Aracruz Cellulose S.A.*, No. 08-23317-CIV, 2009 WL 10664427, at *3 (S.D. Fla. Aug. 7, 2009). In his motion, Stephens alleges his claims are typical of those asserted by the class, because he, "like the other members of the [c]lass,

5

acquired Hertz securities during the [c]lass [p]eriod at prices artificially inflated by the defendants' materially false and misleading statements[.]" (Doc. 28 at 10-11.) This assertion is supported by the loss chart attached to Stephens' motion, which shows he bought 64,935 shares during the class period and lost $384,419.02. (Doc. 28-3 at 2.) Additionally, Stephens "is not aware of any unique defenses that defendants could raise against him." (Doc. 28 at 8.) Because Stephens' "claims share the same essential characteristics as the class at large," he has shown prima facie typicality. *City Pension Fund*, 2009 WL 10664427, at *3; *Bucks Cnty. Emps. Ret. Sys.*, 2024 WL 3355368, at *1.

As best the Court can tell, Stephens is also positioned to "fairly and adequately protect the interests of the class." *Johnson*, 2023 WL 5619307, at *2. This requirement is satisfied when there are "(1) common interests between [the lead plaintiff] and the class and, (2) a willingness and ability [on the part of the lead plaintiff] to vigorously prosecute the action." *Id.* at *2. Because of his "significant financial interest in the resolution of the [a]ction," Stephens tells the Court he is "motivated to litigate vigorously, efficiently, and to the best of [his] ability to maximize the potential recovery" for himself and the class. (Doc. 28-5 ¶ 3.) Thus, he and the other class members "share a common interest, namely, to recover as much of their investment losses as possible[.]" *Carvelli v. Ocwen Fin. Corp.*, No. 17-80500-CIV, 2017 WL 11068524, at *7 (S.D. Fla. July 14, 2017). This is enough to find that Stephens will "fairly and

6

adequately protect the interests of the class." *Theodore*, 2021 WL 5259840, at *4.

Because Stephens will serve as lead plaintiff, he is vested with "authority to select and retain counsel to represent the class," "[s]ubject to the Court's approval." *Johnson*, 2023 WL 5619307, at *2. He seeks to appoint Levi & Korsinsky, LLP as lead counsel and Cullin O'Brien Law, P.A. as liaison counsel. (Doc. 28 at 12.) Levi & Korsinsky is plainly qualified, as demonstrated by the firm's experience litigating securities class actions. (Doc. 28-6); *Walling v. Generac Holdings, Inc.*, No. 23-CV-808-WMC, 2024 WL 474816, at *3 (W.D. Wis. Feb. 7, 2024); *White Pine Invs. v. CVR Ref., LP*, No. 20 CIV. 2863 (AT), 2021 WL 38155, at *4 (S.D.N.Y. Jan. 5, 2021); *Kanefsky v. Honeywell Int'l Inc.*, No. CV 2:18-15536 (WJM), 2019 WL 936662, at *2 (D.N.J. Feb. 26, 2019); *Dillard v. Platform Specialty Prod. Corp.*, No. 16-CV-80490, 2016 WL 10586300, at *3 (S.D. Fla. June 30, 2016); *Fragala v. 500.com*, No. CV 15-01463 MMM (EX), 2015 WL 12513580, at *11 (C.D. Cal. July 7, 2015). Cullin O'Brien also appears fit to serve as liaison counsel. According to the documents from Stephens, O'Brien has previously served as liaison counsel in a securities class action and as lead counsel in several others. (*See* Doc. 28-7 at 1-2.) The Court is ultimately satisfied that each firm will capably and competently serve in their role. And with no objections filed, the Court designates Levi & Korsinsky as lead counsel with Cullin O'Brien Law, P.A serving as liaison counsel.

Accordingly, it is **ORDERED**:

1. Plaintiff Robert Stephens' Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel (Doc. 28) is **GRANTED**. Pursuant to 15 U.S.C. § 78u-4(a)(3)(B), Robert Stephens is appointed to serve as lead plaintiff.

2. Stephens is directed to review the Court's order at Doc. 24 and comply with its requirements.

3. Plaintiff Tom Murdoch's Motion for Appointment as Lead Plaintiff and Approval of Counsel (Doc. 26) is **DENIED**.

4. Plaintiff Edward M. Doller's request to serve as lead plaintiff (Doc. 1 at 43) is **DENIED**.

5. Levi & Korsinsky, LLP is appointed lead counsel for the class.

6. Cullin O'Brien Law, P.A. is appointed liaison counsel for the class.

**ENTERED** in Fort Myers, Florida on August 14, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record