## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FT. MEYERS DIVISION

|  |  |
|---|---|
| EDWARD M. DOLLER, Individually and on Behalf of All Others Similarly Situated,<br><br>         Plaintiff,<br><br>v.<br><br>HERTZ GLOBAL HOLDINGS, INC., STEPHEN M. SCHERR, AND ALEXANDRA BROOKS,<br><br>         Defendants. | Case No. 2:24-cv-00513-JLB-KCD |

## PLAINTIFF'S OPPOSITION TO MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT

Defendants move to file a reply ("Motion") (ECF 56) in further support of their Motion to Dismiss (ECF 51) to address purportedly "novel" issues raised in Plaintiff's opposition (ECF 53). But none of Defendants' points are "novel," nor would they assist the Court in resolving the Motion to Dismiss—they are legal standards not in dispute, relate to arguments already made in their opening motion, concerns facts Defendants concede are alleged in the Complaint, or relate to arguments not alleged in the Complaint nor argued on opposition. Accordingly, Defendants' Motion should be denied. If the Court grants Defendants' Motion, they should not be allotted more than five pages, inclusive, for a total of 30 pages for their Motion to Dismiss.

Pursuant to Middle District of Florida Local Rule 3.01(c), "[n]o party shall file any reply or further memorandum directed to the motion or response . . . unless the Court grants leave." L.R. 3.01(c). "[M]otions for leave to file a reply are not typically

granted" and "replies or any other pleading directed to the motion are **disfavored**." *See Regions Bank v. Hyman*, 2013 U.S. Dist. LEXIS 199553, at *5 (M.D. Fla. Aug. 26, 2013). "Hence, the rule infers the practice should be sparingly considered." *Id.*

A party moving for a reply brief must show good cause. *McDonald v. United States*, 2013 WL 3901871, at *1 n.3 (M.D. Fla. July 29, 2013). Good cause exists only when "[t]he purpose of a reply brief is to rebut any new law or facts contained in the opposition's response to a request for relief before the Court." *Tardif v. People for Ethical Treatment of Animals*, 2011 WL 2729145, at *2 (M.D. Fla. July 13, 2011). Courts do not grant leave unless it will benefit the resolution of a pending motion. *See Schumann v. Collier Anesthesia, P.A.*, 2014 WL 1230644, at *4 n.3 (M.D. Fla. Mar. 25, 2014) (denying leave to file a reply brief that would not aid court's resolution).

Defendants argue their Motion is necessary to purportedly "rebut novel legal and factual arguments in Plaintiff's Opposition." As discussed below, none of Defendants' five points constitutes a "novel" issue.

1. Plaintiff does not dispute that Rule 9(b) and the PSLRA apply to Plaintiff's claims brought under the Securities Exchange Act of 1934.

2. Plaintiff's argument that excerpts of the documents attached as exhibits to Defendants' Motion to Dismiss cannot be judicially noticed, particularly for the truth of those documents, is not a "novel" issue and Plaintiff's argument merely responds to the argument Defendants raised in their Motion to Dismiss.

3. None of the cases Plaintiff relies upon in his opposition brief are new law that came out after Defendants filed their Motion to Dismiss. The only case Defendants explicitly mention in their Motion, *Nebraska Inv. Council v. Fid. Nat'l Info. Servs., Inc.*, 2024 WL 4349125 (M.D. Fla. Sept. 30, 2024), is a case Plaintiff cited for the legal standard for analyzing puffery—the same legal standard applied in all the other cases cited in the parties' briefing. Thus, distinguishing this case would add nothing to the Court's analysis.

4. While Defendants claim Plaintiff cites new facts not alleged in the Complaint, Defendants do not, because they cannot, identify a single fact relied on in Plaintiff's opposition brief not alleged in the Complaint. In fact, the only example in Defendants' Motion is a cite to the Complaint, itself.

5. Defendants request to address the issue of "ownership of stock or options," yet Defendants' stock ownership is not at issue in the Complaint or opposition brief.

For the reasons stated above, none of Defendants' bases demonstrate the requisite good cause for filing the requested reply brief and, thus, the Court should deny Defendants' Motion. *Gatti v. Goodman*, 2017 U.S. Dist. LEXIS 234490, at \*2 (M.D. Fla. Dec. 11, 2017) (finding not "sufficient good cause for a reply brief, and a reply brief would not aid judicial resolution of the underlying motion.") (citation omitted); *Regions Bank*, 2013 U.S. Dist. LEXIS 199553, at \*5 (denying request for reply); *Schumann v. Collier Anesthesia, P.A.*, 2014 WL 1230644, at \*4 (M.D. Fla. Mar. 25, 2014) (denying leave for reply that would not aid court).[1]

## CONCLUSION

For the above reasons, Defendants' Motion should be denied.

Dated: November 26, 2024

Respectfully submitted,

Shannon Hopkins, *admitted pro hac vice*
**LEVI & KORSINSKY, LLP**
1111 Summer Street, Suite 403
Stamford, CT 06905
Tel: (212) 992-4523
Email: shopkins@zlk.com

*Lead Counsel for Plaintiffs and the Class*

By: *Cullin Avram O'Brien*
Cullin Avram O'Brien
**CULLIN O'BRIEN LAW, P.A.**
6541 NE 21st Way
Ft. Lauderdale, FL 33308
Tel: (561) 676-6370
Email: cullin@cullinobrienlaw.com

*Liaison Counsel for Plaintiffs and the Class*

---

[1] Defendants' cases are distinguishable because there, the motion for reply was unopposed and/or the plaintiff had raised new arguments.