UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWARD M. DOLLER,
INDIVIDUALLY AND ON BEHALF
OF ALL OTHERS SIMILARLY
SITUATED;

       Plaintiff,

    v.

HERTZ GLOBAL HOLDINGS,
INC., STEPHEN M. SCHERR,
ALEXANDRA BROOKS,

       Defendants,

Case No. 2:24-cv-513-KCD-KRH

## <u>ORDER</u>

Plaintiff Edward M. Doller, individually and on behalf of a proposed class of investors, sues Hertz Global Holdings, Inc. and two of its former executives. (*See* Doc. 50.)[1] He claims that Hertz violated federal securities laws by publicly touting robust consumer demand for its electric vehicle fleet while internal tracking systems showed a far bleaker reality. Doller is now moving to certify the proposed class under Federal Rule of Civil Procedure 23. (Doc. 108.) His motion is unopposed because the parties have since resolved the remaining claims. (Doc. 109.) So the only task before the Court is to

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

ensure that the proposed class meets the requirements of Rule 23. For the reasons below, Doller's motion is **GRANTED**.

## I. Legal Standard

Rule 23 draws the boundary lines for a class action. *Doe v. Ladapo*, No. 4:23CV114-RH-MAF, 2023 WL 8271764, at \*1 (N.D. Fla. Oct. 18, 2023). A lawsuit cannot proceed on behalf of a class as a matter of course. Rather, a plaintiff must show by a preponderance of the evidence that the proposed class "satisfies all the requirements of Federal Rule of Civil Procedure 23(a) and at least one of the requirements of Rule 23(b)." *Grames v. Sarasota Cnty.*, No. 8:20-CV-739-CEH-CPT, 2021 WL 778897, at \*3 (M.D. Fla. Mar. 1, 2021); *see also Navelski v. Int'l Paper Co.*, 244 F. Supp. 3d 1275, 1303 (N.D. Fla. 2017).

To meet Rule 23(a), a plaintiff must "prove that there are in fact sufficiently numerous parties, common questions of law or fact, typicality of claims or defenses, and adequacy of representation[.]" *Grames*, 2021 WL 778897, at \*3.

There are multiple ways to satisfy Rule 23(b). When a plaintiff seeks declaratory or injunctive relief, they must show that the defendant acted "on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). When "money damages are the predominant

relief sought," a plaintiff must show that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3); *see also Adelstein ex rel. Adelstein v. Unicare Life & Health Ins. Co.*, No. 6:99-CV-1544-ORL-28C, 2000 WL 35808378, at *2 (M.D. Fla. Dec. 27, 2000).

"In addition to the Rule 23 requirements, at least one named plaintiff seeking class certification must have standing." *Navelski*, 244 F. Supp. 3d at 1304. "The plaintiffs must also demonstrate that the proposed class is adequately defined and clearly ascertainable." *Id.*

## II. Discussion

"Although not explicit in Rule 23(a) or (b), courts have universally recognized that the first essential ingredient to class treatment is the ascertainability of the class." *Grimes v. Rave Motion Pictures Birmingham, L.L.C.*, 264 F.R.D. 659, 663 (N.D. Ala. 2010). This threshold issue requires a showing that "the class definition contains objective criteria that allows for class members to be identified in an administratively feasible way." *Karhu v. Vital Pharms., Inc.*, 621 F. App'x 945, 946 (11th Cir. 2015). In plain English, identifying class members must be a manageable process that keeps the litigation from bogging down in endless, individualized inquiries.

3

That bar is easily cleared here. The proposed class boundaries are defined in strictly objective terms: it covers anyone who purchased or acquired Hertz common stock during a specific, closed window between January 6, 2023, and April 24, 2024. (Doc. 108 at 3.) Because Hertz stock traded publicly on a national exchange, we are not left to guess about who those buyers are. Their identities and transactions are well-documented in standard corporate investor records, transfer agent logs, and brokerage data. Because Doller has shown that pulling these names is a straightforward administrative exercise rather than a fact-finding scavenger hunt, the ascertainability requirement is satisfied. *See, e.g.*, *In re Urb. Outfitters, Inc., Sec. Litig.*, No. CV 13-5978, 2016 WL 1043014, at *4 (E.D. Pa. Feb. 29, 2016).

Turning to Rule 23(a), the prerequisites of numerosity and commonality come down to a straightforward look at the data. Hertz had more than 305 million shares outstanding during the class period, with nearly 19 million shares changing hands every week. (Doc. 108 at 7.) That kind of volume means the class easily numbers in the thousands, rendering individual joinder impracticable. *See In re HealthSouth Corp. Sec. Litig.*, 213 F.R.D. 447, 457 (N.D. Ala. 2003) ("Courts generally presume that plaintiffs establish numerosity when the claims involve securities traded nationally."). These thousands of investors also share a single, overriding legal question that can be answered for everyone "in one stroke": did Hertz publicly lie

4

about consumer demand for its electric vehicles? *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Because every investor's right to recover hinges on the same alleged course of deception, the core elements of falsity, materiality, and scienter are well-suited for class-wide proof. *See Cooper v. Pac. Life Ins. Co.*, 229 F.R.D. 245, 257 (S.D. Ga. 2005).

The typicality and adequacy requirements are just as easily satisfied. The proposed class representative stands in the same shoes as the absent class members—he bought Hertz common stock during the class period, relied on the integrity of the market price, and took a financial hit when the truth emerged. (Doc. 108 at 8-9.) Because his legal theory is identical to that of the class, his claims are textbook typical. Furthermore, there is zero reported friction between the class representative and the rest of the class. And his active participation in discovery shows he takes his stewardship seriously. *See In re Miller Indus., Inc. Sec. Litig.*, 186 F.R.D. 680, 687 (N.D. Ga. 1999).

Turning to Rule 23(b), Doller must steer this litigation through one of the rule's specific procedural gateways. Because his lawsuit is fundamentally about recovering money damages, he turns to Rule 23(b)(3). Under this provision, "the Court considers (1) whether issues of law or fact common to members of the class predominate over questions affecting only individual

members; and (2) whether a class action is superior to other available methods for the fair and efficient adjudication of the controversy." *Id.* at 688.

Doller has shown predominance through his fraud-on-the-market theory that is backed by expert testimony. *See Loc. 703, I.B. of T. Grocery & Food Emps. Welfare Fund v. Regions Fin. Corp.*, 762 F.3d 1248, 1253 (11th Cir. 2014). A class action is also the superior way to run this railroad. For a geographically scattered group of stock purchasers, trying to litigate thousands of identical fraud claims one by one would clog the dockets, bleed the parties' resources, and invite inconsistent results. *See Cheney v. Cyberguard Corp.*, 213 F.R.D. 484, 502 (S.D. Fla. 2003). Because a single, cohesive action resolves the entire controversy in one orderly stroke, Doller has easily carried his burden under Rule 23(b)(3).

One last issue. Doller seeks to appoint Levi & Korsinsky, LLP as class counsel. (Doc. 108 at 24-25.) Nothing suggests that L&K has an adverse interest in this litigation, and the firm is qualified on paper. L&K has also already done the heavy lifting—investigating the claims, interviewing confidential witnesses, and successfully piloting the surviving fraud claims past the pleading stage. Given the firm's attested experience, the Court grants the request.

## III. Conclusion

The Court is satisfied that Doller's proposed class satisfies the demands of Rule 23, a conclusion made straightforward by the fact that the motion is unopposed. Accordingly, it is now **ORDERED**:

1. The Motion for Class Certification, Appointment of Class Representative, and Appointment of Class Counsel (Doc. 108) is **GRANTED**;

2. The Court certifies the following proposed class:

   a. All persons and entities who purchased or otherwise acquired common stock of Hertz Global Holdings, Inc., between January 6, 2023 and April 24, 2024, inclusive, and were injured thereby; and

   b. excluded are: (a) Defendants; (b) members of the immediate families of Defendants; (c) the subsidiaries and affiliates of Defendants; (d) any person who is an officer, director or controlling person of Hertz Global Holdings, Inc.; (e) any entity in which any Defendant has a controlling interest; (f) Defendants' directors' and officers' liability insurance carriers, and any affiliates or subsidiaries thereof; and (g) the legal representatives, heirs, successors or assigns of any such excluded party.

3. Robert Stephens is appointed as the class representative;

4. Levi & Korsinsky, LLP is appointed as class counsel; and

5. The Court will address all remaining issues, including class notice and approval of the settlement, in conjunction with the parties' outstanding motion (Doc. 120).

**ENTERED** in Fort Myers, Florida on June 22, 2026.

Kyle C. Dudek
United States District Judge