**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

EDWARD M. DOLLER, individually and on behalf of all others similarly situated,

Plaintiff,

v. Case No. 2:24-cv-513-KCD-KRH

HERTZ GLOBAL HOLDINGS, INC., STEPHEN M. SCHERR, and ALEXANDRA BROOKS,

Defendants.
______________________________/

**Order**

At issue is Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. 120). The Court certified Plaintiff's proposed class, then appointed the class representative and counsel. (Doc. 123). Remaining now is the request—which Defendants do not oppose—for preliminary approval of the parties' settlement to issue notice. The Motion is granted as discussed.

To start, the parties seek certification of a settlement class. Normally, a magistrate judge would proceed through an analysis to determine whether the settlement class would ultimately meet the certification requirements then make a recommendation on the class issue. *E.g.*, *Lawson v. Visionworks of Am., Inc.*, No. 6:23-cv-1566-AGM-NWH, 2025 WL 3668823, at *1-6 (M.D. Fla. Dec. 1, 2025). Again, however, Judge Dudek recently certified the underlying class. (Doc. 123). And the proposed class for settlement was identical to the now-certified class

definition. *Compare* (Doc. 123 at 7), *with* (Doc. 120-4 at 5-6). Since the class is certified under Rule 23(a)-(b), there is no reason to answer whether a separate, duplicative settlement class would be needed. Fed. R. Civ. P. 23, advisory committee's note to 2018 amendment ("One key element is class certification. If the court has already certified a class, the only information ordinarily necessary is whether the proposed settlement calls for any change in the class certified, or of the claims, defenses, or issues regarding which certification was granted."). So subsequent developments mooted the Motion in that regard.

The analysis then proceeds with the other matters addressed in the Motion.

Rule 23(e) sets out the requirements for proposed class settlements. To be clear, there is no Rule-based requirement that judges engage in a preliminary fairness review of a proposed settlement. Fed. R. Civ. P. 23(e); *In re New Motor Vehicles Canadian Export Antitrust Litig*, 236 F.R.D. 53, 55-56 (D. Me. 2006); 7B Wright & Miller § 1797.5 (3d ed. Apr. 2026 update) ("Further, the rule does not require or suggest that the court should preliminarily approve the fairness of a proposed settlement before sending notice to the class.").[1] Rule 23(e)(1)(B) simply asks whether a proponent showed a cursory likelihood that the court could approve the proposal.

This review does "not reach any ultimate conclusions on the issues of fact and law that underlie the merits of the dispute." *Thomas v. NCO Fin. Sys., Inc.*,

[1] Nothing about the Eleventh Circuit's decision in *Bennett v. Behring Corp*. suggests that preliminary fairness review is required. *See generally* 737 F.2d 982 (11th Cir. 1984). Nor does any other binding precedent.

No. CIV.A. 00-5118, 2002 WL 1773035, at *5 (E.D. Pa. July 31, 2002). Rather, a court just checks if a "settlement is within the range of possible approval due to an absence of any glaring substantive or procedural deficiencies." *E.g.*, *Schoenbaum v. E.I. Dupont de Nemours & Co.*, No. 4:05CV01108 ERW, 2009 WL 4782082, at *3 (E.D. Mo. Dec. 8, 2009). So the decision "should not be understood to express any real opinion as to the fairness of the settlement." *Id.*

At this preliminary stage before any objectors had their chance to make their positions known, the Court sees no obvious concerns with the settlement to prevent notice. Plaintiff did a fine job detailing and supporting his belief that the settlement is a reasonable resolution of complicated claims. Right now, the Court has no reason to disagree. By all accounts, the parties heavily litigated the action, then mediated in good faith to arrive at an arms-length agreement. The relative settlement figures appear in line with other similar actions and respective litigation risks here. Qualified counsel are representing the parties. And there is no indication Plaintiff, the certified class representative, or appointed class counsel have inadequately represented class members.

To the extent that a preliminary peek is required, this settlement passes that initial check. *See O'Connor v. Worthington PJ, Inc.*, No. 2:16-cv-608-FtM-99MRM, 2017 WL 6762436, at *3 (M.D. Fla. Dec. 13, 2017) ("Preliminary approval is not binding, and it is granted unless a proposed settlement is obviously deficient." (citation omitted)); *Nolan v. Integrated Real Estate Processing, LP*, No. 3:08-cv-642-J-34HTS, 2009 WL 10670779, at *6 (M.D. Fla. Sept. 9, 2009)

(granting preliminary approval based on appearance of fairness). At this stage, there are no glaring deficiencies in the settlement to give the Court pause. So notice should be issued.

A court "must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1)(B). And it must direct "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *Id.* at 23(c)(2)(B). "The notice must clearly and concisely state in plain, easily understood language" this information:

> (i) the nature of the action;
>
> (ii) the definition of the class certified;
>
> (iii) the class claims, issues, or defenses;
>
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
>
> (v) that the court will exclude from the class any member who requests exclusion;
>
> (vi) the time and manner for requesting exclusion; and
>
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

*Id.* At bottom, the Rule demands "that class members be given information reasonably necessary to make a decision whether to remain a class member and be bound by the final judgment or opt out of the action, though the notice need not include every material fact or be overly detailed." *Faught v. Am. Home Shield*

*Corp.*, 668 F.3d 1233, 1239 (11th Cir. 2011) (cleaned up).

In securities class actions—like this one—notice "must also satisfy the notice requirements set forth in the Private Securities Litigation Reform Act of 1995 ("PSLRA")." *In re Health Innovations Sec. Litig.*, No. 8:17-cv-2186-T-60SPF, 2020 WL 10486665, at *10 (M.D. Fla. Oct. 21, 2020). Notices regarding those settlements must contain the following:

> 1) the amount of the settlement proposed to be distributed to the parties to the action on an average per share basis; (2) the average amount of damages per share that would be recoverable if the plaintiff prevailed on each claim alleged under the Exchange Act, or, if there is disagreement as to this amount, a statement from each party concerning the issue or issues upon which the parties disagree; (3) a statement indicating the attorneys' fees and costs that will be sought from any settlement fund (including the amount of such fees and costs determined on an average per share basis), along with a brief explanation supporting the fees and costs sought; (4) the name, telephone number, and address of one or more representatives of Lead Counsel; (5) a brief statement explaining the reasons why the parties are proposing the settlement; and (6) any such other information as may be required by the court.

*Id.* (cleaned up); 15 U.S.C. § 78u-4(a)(7)(A)-(F).

Plaintiff retained a settlement claims administrator—Angeion Group, LLC—to oversee the notice procedure and process claims. Best the Court can tell, Angeion is an experienced claims administrator for securities class action cases. *Ford v. Koutoulas*, No. 6:22-cv-652-PGB-DCI, 2025 WL 3706506, at *5 (M.D. Fla. Dec. 22, 2025). Angeion plans to employ a similar notice procedure to one recently approved in the Middle District. *In re Loancare Data Security Breach Litig.*, No. 3:23-cv-01508-CRK-MCR, 2025 WL 895435, at *11-12 (M.D. Fla. Mar. 24, 2025).

The Court reviewed the filings. As they relate to notice, the Court finds these papers satisfy all requirements of basic due process and federal law (as described above)—offering the best, accurate notice practicable under the circumstances. So the Court approves the Longform Notice (Doc. 120-4), Publication Notice (Doc. 120-5), Postcard Notice (Doc. 120-6), and Proof of Claim Form (Doc. 120-7).

Related, as it pertains to Class Action Fairness Act ("CAFA") notice, Defendant already ensured that initial notice was issued. (Doc. 121); *see also Loancare*, 2025 WL 895435, at *12. So there is no need to order that occurrence.

As to the matters still pending—i.e., issuing notice and setting deadlines—the Court grants the Motion by adopting most of the terms stipulated. It will not, however, grant affirmative relief mentioned in passing like entering a preliminary injunction, (Doc. 120-3 at 19), restricting how information may be used in far flung proceedings like a criminal prosecution, (Doc. 120-3 at 20), or determining immunity from fees before even deciding fairness, (Doc. 120-3 at 19). To the extent that a party requests relief not granted here before the fairness hearing, they must file a motion explaining why such relief is proper.

**ORDERED**:

1. Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. 120) is **GRANTED to the extent discussed**.

2. A Final Approval Hearing ("Fairness Hearing") will be held on **January 29, 2027**, at **10:00 a.m.**, in a courtroom to be announced at the **United States Courthouse and Federal Building, 2110 First Street, Fort**

**Myers, Florida 33901**. At that time, the Court will consider whether the proposed settlement should be approved as fair, reasonable, and adequate, along with resolving objections and deciding whether to enter a final judgment and injunction.

(a) If needed, the Court may adjourn, alter, or continue the Fairness Hearing without further notice to the class members. What's more, the Court may convert the hearing to a virtual Zoom hearing without further notice to the class members. Any member of the class wishing to attend the Fairness Hearing must consult the Clerk of the Court, the Court's docket, or the Claim Administrator's website to confirm the final hearing date, time, and location.

(b) That said, the Court will not set the Fairness Hearing for any date before the initial date announced in Paragraph 2 above.

3. At that Fairness Hearing, the Court will consider the reasonableness and fairness of the attorney's fees and costs sought by class counsel along with the Plaintiff's compensatory award.

4. The Court approves the form and substance of the Longform Notice (Doc. 120-4), Publication Notice (Doc. 120-5), Postcard Notice (Doc. 120-6), and Proof of Claim Form (Doc. 120-7).

5. For settlement, the Court adopts Plaintiff's choice to appoint Angeion Group, LLC as the supervisor, administrator, and processor of claims.

6. As stipulated by the parties, the Court adopts the schedule, which was summarized in Appendix A. (Doc. 120 at 27); *see also* (Doc. 120-3 at 8-19). The

Court includes the parties' stipulated language in Paragraphs 7 through 25 below verbatim. (Doc. 120-3 at 8-19). The only adjustment is to Paragraph 17—which does not grant Plaintiff's counsel the unilateral power to bar claims. Any capitalized terms are defined here as they are within the parties' various stipulations.

7. Lead Counsel, through the Claims Administrator, shall cause the Postcard Notice, substantially in the form annexed to the Stipulation, to be mailed, by first class mail, postage prepaid, within twenty one (21) calendar days of entry of this Order, to all Settlement Class Members who can be identified with reasonable effort by Lead Counsel, through the Claims Administrator.

8. Within thirty (30) business days after the later of (i) entry of this Order and (ii) Lead Counsel's providing to Defendants' Counsel a Form W-9, wire transfer or electronic payment (ACH) instructions and/or any requisite electronic payment authorization forms, and the name and telephone number of an individual who can verbally confirm wire instructions and verbal confirmation of same, Defendants shall pay or cause to be paid to the Escrow Agent $10,000,000 (Ten Million Dollars) to be deposited by the Escrow Agent into the Escrow Account.

9. Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, to apply for any tax refund owed to the Settlement Fund, and to otherwise perform

all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

10. No later than seven (7) calendar days after the entry of this Order, Hertz shall provide, at its own cost, a list of Hertz common shareholders of record during the Settlement Class Period, in electronic format, such as Excel, to the extent such information is reasonably available from Hertz's transfer agent.

11. Lead Counsel, through the Claims Administrator, shall make all reasonable efforts to give notice to nominees or custodians who held Hertz common stock during the Class Period as record owners but not as beneficial owners. Such nominees or custodians shall, within ten (10) calendar days of receipt of the letter, either: (i) request additional copies of the Postcard Notice sufficient to send the Postcard Notice to all beneficial owners for whom they are nominee or custodian, and within ten (10) calendar days after receipt thereof send copies to such beneficial owners; (ii) within ten (10) calendar days of receipt of the letter, request from the Claims Administrator the link to the location hosting the electronic Longform Notice and Proof of Claim and, within ten (10) calendar days of receipt, email the link to beneficial owners for whom valid email addresses are available; or (iii) provide the Claims Administrator with lists of the names, last known addresses, and email addresses (to the extent known) of such beneficial owners, in which event the Claims Administrator shall promptly deliver the Postcard Notice to such beneficial owners. Where the Claims Administrator

receives a valid email address, they shall email the link to the location of the electronic Longform Notice and Proof of Claim to beneficial owners. Nominees or custodians who elect to send the Postcard Notice or email the link to the electronic Longform Notice and Proof of Claim to their beneficial owners shall send a written certification to the Claims Administrator confirming that the mailing and/or emailing has been made as directed. Additional copies of the Postcard Notice shall be made available to any nominee or custodian requesting same for the purpose of distribution to beneficial owners. The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners, in an amount not to exceed $0.03 plus postage at the current pre-sort rate used by the Claims Administrator for each Postcard Notice actually mailed, $0.03 per link to the electronic Longform Notice and Proof of Claim emailed, or $0.03 per name, address, and email address (to the extent available) provided to the Claims Administrator, expenses which would not have been incurred except for the sending of such notice, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

12. Lead Counsel shall, at least seven (7) calendar days before the Final Approval Hearing, serve upon Defendants' Counsel and file with the Court proof, by affidavit or declaration, of the mailing of the Postcard Notice and emailing of links to the electronic Longform Notice and Proof of Claim as required by this Order.

13. Lead Counsel, through the Claims Administrator, shall cause the Stipulation and its exhibits, this Order, and a copy of the Longform Notice and Proof of Claim to be posted on the Claims Administrator's website (www.HertzSecuritiesSettlement.com) within twenty-one (21) calendar days after entry of this Order.

14. Lead Counsel, through the Claims Administrator, shall cause the Publication Notice to be published electronically once over a national newswire service within twenty-eight (28) calendar days of entry of this Order. Lead Counsel shall, at least seven (7) calendar days before the Final Approval Hearing, serve upon counsel for the Defendants and file with the Court proof of publication of the Publication Notice.

15. The forms and methods set forth herein of notifying the Settlement Class Members of the Settlement and its terms and conditions meet the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons and entities entitled thereto. No Settlement Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

16. In order to be entitled to participate in recovery from the Net

Settlement Fund after the Effective Date, each Settlement Class Member shall take the following action and be subject to the following conditions:

(a) A properly completed and executed Proof of Claim must be submitted to the Claims Administrator, at the address indicated in the Longform Notice, postmarked no later than twenty-one (21) calendar days prior to the Final Approval Hearing, or submitted electronically via the Settlement website at www.HertzSecuritiesSettlement.com no later than twenty-one (21) calendar days prior to the Final Approval Hearing. Such deadline may be further extended by Order of the Court. Each Proof of Claim shall be deemed to have been submitted, when legibly postmarked (if properly addressed and mailed by first class mail) provided such Proof of Claim form is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim form submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Longform Notice.

(b) The Proof of Claim submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation

slip, or such other documentation as is deemed adequate by the Claims Administrator or Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Settlement Class Member must be provided with the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c) Once the Claims Administrator has considered a timely submitted Proof of Claim form, it shall determine whether such claim is valid, deficient, or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (at least twenty (20) calendar days) to cure such deficiency, if it shall appear that such deficiency may be cured. If any Claimant whose claim has been rejected in whole or in part wishes to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice of rejection, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection, along with any supporting documentation, and requesting a review thereof by the Court. Lead Counsel will have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claim Forms filed. If an issue concerning a claim

cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

(d) As part of the Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall, upon the Effective Date, release all claims as provided in the Stipulation. No discovery shall be allowed on the merits of the Action or the Settlement in connection with processing of the Proof of Claim forms, nor shall any discovery from or of Defendants be allowed on any topic.

17. All Settlement Class Members who do not submit valid and timely Proof of Claim forms or whose errors are not ultimately excused will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Judgment, if entered.

18. Settlement Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make such Request for Exclusion shall mail it, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is postmarked no later than twenty-one (21) calendar days prior to the Final Approval Hearing (the "Exclusion Deadline"), at the addresses listed in the Long Notice. In order to be valid, such Request for Exclusion must (A) clearly indicate the name, address, phone number, and e-mail contact

information (if any) of the Person seeking exclusion, and state that the sender specifically "requests to be excluded from the Settlement Class in *Doller v. Hertz Global Holdings, Inc.*, et al., No. 2:24-cv-00513-KCD-KRH (M.D. Fla.)"; and (B) state: (i) the date, number of shares, and dollar amount of all purchases, acquisitions, sales, or dispositions of Hertz common stock by the Person during the Settlement Class Period, and (ii) the number of shares of Hertz common stock held by the Person as of April 24, 2024. In order to be valid, such Request for Exclusion must be submitted with documentary proof (i) of each purchase or acquisition and, if applicable, sale or disposition transaction of Hertz common stock during the Settlement Class Period and (ii) demonstrating the Person's status as a beneficial owner of the Hertz common stock. Any such Request for Exclusion must be signed and submitted by the beneficial owner under penalty of perjury. The Request for Exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Lead Counsel may contact any Person filing a Request for Exclusion, or their attorney if one is designated, to discuss the exclusion.

19. The Claims Administrator shall provide all Requests for Exclusion and supporting documentation submitted therewith (including untimely requests and revocations of requests) to counsel for the Settling Parties within a reasonable time of receipt by the Claims Administrator, but in no event later than five (5) calendar days from the Claims Administrator's receipt thereof, and in any event, copies of

all timely Requests for Exclusion shall be provided to Defendants' Counsel and Lead Counsel not less than fourteen (14) days prior to the Final Approval Hearing. The Settlement Class will not include any Person who delivers a valid and timely request for exclusion.

20. Any Person that submits a Request for Exclusion may thereafter submit to the Claims Administrator a written revocation of that Request for Exclusion, provided that it is received no later than two (2) calendar days before the Final Approval Hearing, in which event that Person will be included in the Settlement Class.

21. All Persons who submit a valid, timely, and unrevoked Request for Exclusion will be forever barred from receiving any payments from the Net Settlement Fund.

22. The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the Fee and Expense Application, provided, however, that no Settlement Class Member or other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or, if approved, the Judgment, or any other order relating thereto, unless that Person has served copies of any objections, papers and briefs to each of the following counsel at least twenty-one (21) calendar days prior to the Final Approval Hearing Date:

LEAD COUNSEL:

Shannon L. Hopkins
Gregory M. Potrepka
**LEVI & KORSINSKY, LLP**
1111 Summer Street, Suite 403
Stamford, CT 06905
shopkins@zlk.com
gpotrepka@zlk.com

DEFENDANTS' COUNSEL:

Edmund Polubinski III
Andrew Ditchfield
**DAVIS POLK & WARDWELL LLP**
450 Lexington Avenue
New York, NY 10017
edmund.polubinski@davispolk.com
andrew.ditchfield@davispolk.com

Jonathan K. Chang
**DAVIS POLK & WARDWELL LLP**
900 Middlefield Road, Suite 200
Redwood City, CA 94063
jonathan.chang@davispolk.com

and that Person has (at least twenty-one (21) calendar days prior to the Final Approval Hearing date) filed said objections, papers, and briefs, showing due proof of service upon counsel identified above, with the Clerk of the Court, U.S. District Court, Middle District of Florida, 2110 First Street, Courtroom 6B, Fort Myers, Florida 33901. To be valid, any such objection must contain the Settlement Class Member's (1) name, address, telephone number, and signature; (2) a list of all of the Settlement Class Member's purchases, acquisitions, sales, and dispositions of Hertz common stock during the Settlement Class Period in order to show membership in the Settlement Class, including date(s), price(s), and amount(s),

and documents evidencing such transactions; (3) all grounds for the objection, including any legal support known to the Settlement Class Member and/or his, her, or its counsel; (4) the name, address, and telephone number of all counsel who represent the Settlement Class Member, including former or current counsel who may be entitled to compensation in connection with the objection; and (5) the number of times the Settlement Class Member and/or his, her, or its counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case. Attendance at the Final Approval Hearing is not necessary, but Persons wishing to be heard orally in opposition to the approval of the Stipulation, the Plan of Allocation, and/or the Fee and Expense Application are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Final Approval Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Final Approval Hearing. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

23. Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy, or

reasonableness of the Settlement, the Final Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the Fee and Expense Application, unless otherwise ordered by the Court; shall be bound by all the terms and provisions of the Stipulation and by all proceedings, orders, and judgments in the Action; and shall also be foreclosed from appealing from any judgment or order entered in this Action.

24. All papers in support of the Settlement, the Plan of Allocation, and/or the Fee and Expense Application shall be filed and served no later than thirty-five (35) calendar days before the Final Approval Hearing.

25. Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation, and/or the Fee and Expense Application shall be filed no later than seven (7) calendar days prior to the Final Approval Hearing. For these submissions, Plaintiff is granted leave to file a reply pursuant to Local Rule 3.01(e).

26. As stated above, the Court will consider attorney's fees at the appropriate time.

27. No injunction will be entered at this time. But if the parties require a preliminary injunction pending the Fairness Hearing, they may separately seek that relief.

28. All funds held by the parties' escrow agent shall be *in custodia legis* of the Court. Those funds are subject to the Court's jurisdiction until distributed or returned pursuant to a Court order.

29. To the extent that the parties seek to protect information related to their stipulations or negotiations, those matters have the fullest protection offered by Federal Rule of Evidence 408, along with whatever contractual rights to which the respective sides might be entitled.

30. If the parties' settlement is not approved, this order is void and all information related to this settlement and related negotiations is protected as described above.

In Fort Myers, Florida, on October 2, 2026.

Kevin R. Huguelet
United States Magistrate Judge